**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 00-4564

GLENN WRIGHT,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-67-2)

Submitted: January 31, 2001

Decided: April 25, 2001

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

### COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Glenn Wright was convicted pursuant to his guilty pleas of possession with intent to distribute crack cocaine and possession of a firearm in connection with a drug trafficking offense. On appeal, he alleges that the district court improperly enhanced his base offense level pursuant to USSG § 2D1.1(b)(1).[1] Because we find that the Sentencing Commission has amended the Sentencing Guidelines in a manner that supports Wright's position, and because the Commission has stated that the amendment is to be applied retroactively, we vacate Wright's sentence and remand the case for resentencing.

After receiving information from a confidential informant, police officers executed a search warrant at Wright's residence. Officers seized drugs, three firearms, and drug paraphernalia. One of the firearms was found underneath the couch on which Wright was sitting when police entered the residence and served as the basis for Wright's conviction under 28 U.S.C.A. § 924(c) (West Supp. 2000). The other two firearms, unloaded shotguns, were found in a duffel bag in a bedroom closet. The district court considered the shotguns in deciding to apply an enhancement under USSG § 2D1.1(b)(1).

We review the district court's application of the Sentencing Guidelines de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (1989). Although a defendant's base offense level is increased by two levels if a firearm is possessed,[2] he may not receive an enhancement for the possession of a firearm under the guideline for the underlying offense when he is also sentenced to a consecutive sentence under § 924(c).[3]

---

[1] *U.S. Sentencing Guidelines Manual* (1998).

[2] USSG § 2D1.1(b)(1).

[3] USSG § 2K2.4, comment. (n.2) (hereinafter "Application Note 2").

The majority of the circuits that have interpreted Application Note 2 have held that an enhancement is permissible when it is based on the defendant's possession of a second firearm or a firearm possessed by a co-defendant.[4] Only the Third Circuit has held that Application Note 2 precludes an enhancement for firearms the defendant possessed during a drug conspiracy in addition to the one underlying his § 924(c) conviction.[5] The district court followed the majority view and overruled Wright's objection to the calculation of his offense level.

The Sentencing Commission has recently clarified its position on this issue.[6] Amendment 599 expressly states that a firearm enhancement is inappropriate in factual situations similar to the one currently before the court. The Commission also made Amendment 599 retroactive.[7] Accordingly, we find that the district court's decision to apply the USSG § 2D1.1(b)(1) enhancement was erroneous.[8]

We therefore vacate Wright's sentence and remand the case to the district court for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[4]*See United States v. White*, 222 F.3d 363, 372-76 (7th Cir. 2000) (possession of a second weapon of a different type); *United States v. Cover*, 199 F.3d 1270, 1277-78 (11th Cir. 2000) (firearm possessed by co-defendant); *United States v. Park*, 167 F.3d 1258, 1260-61 (9th Cir. 1999) (defendant possessed firearms in other robberies); *United States v. Washington*, 44 F.3d 1271, 1280 (5th Cir. 1995) (firearm possessed by co-defendant).

[5]*See United States v. Knobloch*, 131 F.3d 366, 371-73 (3d Cir. 1997).

[6]*See* USSG App. C (Supp. 2000), Amendment 599.

[7]*See U.S. Sentencing Guidelines Manual* § 1B1.10(c), p.s. (2000).

[8]We note, however, that the district court did not have the benefit of Amendment 599 when it made its decision.