RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0039P (6th Cir.)
File Name: 04a0039p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                          No. 02-5778

TERRY L. PEVELER,
  *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Kentucky at Owensboro.
No. 93-00014—Jennifer B. Coffman, District Judge.

Argued: October 24, 2003

Decided and Filed: February 6, 2004

Before: DAUGHTREY and GILMAN, Circuit Judges;
HAYNES, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Elizabeth S. Hughes, GESS, MATTINGLY & ATCHISON, Lexington, Kentucky, for Appellant. Terry M.

_____

[*] The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Elizabeth S. Hughes, GESS, MATTINGLY & ATCHISON, Lexington, Kentucky, for Appellant. Terry M. Cushing, Candace G. Hill, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee. Terry L. Peveler, Manchester, Kentucky, pro se.

_____

## OPINION

_____

HAYNES, District Judge. Appellant Terry L. Peveler appeals the district court's order denying his motion to modify his sentence under 18 U.S.C. § 3582(c)(2). Peveler relies upon the retroactivity of Amendment 599 to U.S.S.G. § 2K2.4 that bars "double counting" of firearm enhancements where, as here, there is conviction under 18 U.S.C. § 924(c) arising from the same underlying offenses. Although originally indicted on 11 counts, Peveler subsequently entered a guilty plea under the former Fed. R. Crim. P. 11(e)(1)(C) to a superceding information charging five counts of drug-trafficking in violation of 21 U.S.C. § 841(a)(1) and a sixth count of carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c). Peveler contends that Amendment 599 prohibits the two-level sentence enhancement in his plea agreement that the district court applied to determine his original sentence. Therefore, Peveler moves to modify his sentence by two levels. For the reasons set forth below, we AFFIRM the district court's judgment, but for different reasons.

### A. Procedural History

On April 6, 1993 a federal grand jury in Owensboro, Kentucky returned an 11-count indictment against Peveler and three other co-defendants. Peveler was named in seven of the 11 counts, with five of these counts charging him with

drug trafficking in violation of 21 U.S.C. § 841(a)(1). The remaining two counts charged Peveler with violating 18 U.S.C. § 924(c) by using or carrying a firearm in relation to drug trafficking crimes on November 12, 1992, and December 18, 1992. Initially, Peveler pled not guilty to all seven counts, but after the district court denied his motion to suppress, he entered into a plea agreement with the government.

The "Rule 11(e)(1)(C)"[1] plea agreement required Peveler to plead guilty to a six-count superseding information that charged him with the same five drug-trafficking counts in the original indictment, but with only one count of violating § 924(c) by using or carrying a firearm in relation to a drug trafficking crime on January 24, 1993. In return, the government agreed to dismiss the two § 924(c) firearm charges and further agreed to recommend a prison sentence and fine at the low end of the applicable guideline ranges. The plea agreement contained an express provision that the total offense level would be 30, based upon specific guideline calculations in the plea agreement. Peveler entered his guilty plea in September 1994, but preserved his right to appeal the district court's denial of his motion to suppress. Peveler received a 181-month prison sentence, with the five drug-trafficking counts accounting for 121 of these months, and the additional 60 months attributable to his § 924(c) firearm conviction.

Peveler then appealed the denial of his motion to suppress. We affirmed the district court's denial of Peveler's motion. *United States v. Peveler*, 1995 U.S. App. LEXIS 36888, 1995 WL 620961 (6th Cir. Oct. 19, 1995) (unpublished table decision). The Supreme Court denied Peveler's subsequent

---

[1]In 2002, Fed. R. Crim. R. 11 was amended and the current version of Rule 11(e) incorporates the provisions of Fed. R. Crim. P. 32(e). The former Rule 11(e)(1)(C) is now Rule 11(c)(1)(C). Given the facts of this case and our reliance on pre-2002 precedents, we will continue to refer to Peveler's plea agreement as a Rule 11(e)(1)(C) for ease of reference.

petition for a writ of certiorari. *Peveler v. United States*, 516 U.S. 1137 (1996).

Peveler then filed a *pro se* petition under 28 U.S.C. § 2255 for relief from his sentence, alleging that he pled guilty to the firearm count based upon his belief that he could be convicted under § 924(c) for storing firearms in proximity to illegal drugs. After his conviction, the Supreme Court in *Bailey v. United States*, 516 U.S. 137 (1995), held that a conviction for using a firearm in relation to a drug-trafficking crime can only arise if the defendant "actively employed" the firearm. The district court referred Peveler's petition to the magistrate judge. The magistrate judge recommended that the district court vacate Peveler's firearm conviction. This recommendation was based on the government's concession that Peveler's guilty plea to the firearm count was no longer valid after *Bailey*. The government, however, withdrew its concession shortly after *Bousley v. United States*, 523 U.S. 614 (1998), in which the Supreme Court held that to assert a *Bailey* challenge successfully, a movant must show "cause and prejudice" to avoid procedural default or demonstrate his actual innocence on the § 924(c) charge and any other more serious charges that were dismissed during plea bargaining. After Bousley, the district court remanded the action to the magistrate judge for a recommendation on the firearm charges.

The magistrate judge conducted an evidentiary hearing, at which the government conceded Peveler's actual innocence of the firearm charge in the superseding information. The hearing focused on whether Peveler had committed the other firearm charges in the original indictment, that is, whether Peveler used or carried a firearm in relation to drug-trafficking crimes on November 12, 1992, and December 18, 1992. After the hearing, the magistrate judge recommended that Peveler's request for relief from his conviction and sentence on the firearm count in the superseding information be denied. The district court overruled Peveler's objections, adopted the magistrate judge's

recommendation and denied a certificate of appealability. However, we granted a certificate of appealability, but affirmed the district court's decision.

On August 3, 2001, Peveler filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). The district court referred the motion to a magistrate judge, who recommended denying Peveler's motion. The district judge adopted the magistrate's finding and denied the motion. In essence, the district court adopted the magistrate judge's conclusion that a reduction was not warranted because the two-level enhancement was not for Peveler's drug convictions, but for his possession of a firearm on a different month and year from the drug offenses. Peveler then appealed the district court's decision and filed a *pro se* brief in this court. We appointed counsel, who filed a brief on Peveler's behalf, to which the government has responded.

### B. Factual Background

In September 1992, the Kentucky State Police and the police department in Livermore, Kentucky, began investigating Peveler and his codefendants for suspected drug trafficking. This investigation commenced after a confidential source informed both law enforcement agencies that Peveler was using and selling illegal drugs in Western Kentucky.

About the time of the investigation of Peveler, Livermore Police Chief Charles Cobb arrested Larry Blanford for attempted theft of a motorcycle. Blanford agreed to serve as a confidential informant and to purchase drugs from Peveler in exchange for cash payments and the dismissal of his theft charge.

Pursuant to this arrangement, Blanford informed Cobb and Kentucky State Police Detective Charles Brown that he purchased marijuana from Peveler on November 12, 1992, and again on December 18, 1992, and that he saw Peveler

weigh and package various quantities of cocaine on January 24, 1993. Blanford reported seeing firearms openly displayed in the rooms of Peveler's trailer home where the marijuana sales took place in 1992 and further stated that he saw firearms in the closet of Peveler's bedroom where the cocaine packaging occurred in 1993. Based on the information provided by Blanford, warrants were issued to arrest Peveler and to search his trailer. The search resulted in the recovery of 1.5 pounds of cocaine, 12 pounds of marijuana, and four firearms.

### C. The Plea Agreement

Peveler eventually entered into a plea agreement that required Peveler to plead guilty to a six-count superseding information with the same five drug-trafficking counts included in the original indictment, but with only one count of violating § 924(c) by using or carrying a firearm in relation to a drug trafficking crime on January 24, 1993. Essentially, the only difference between the original indictment and the superseding information was that the two § 924(c) firearm charges on November 12, 1992 and December 18, 1992, were dropped in exchange for the single § 924(c) count on January 24, 1993.

The plea agreement was under then Fed. R. Crim. P. 11(e)(1)(C) and expressly provided that the sentencing level would be 30, but based upon certain findings to be made by the Court under the guidelines. The plea agreement provides, in pertinent part:

Pursuant to Rule 11(e)(1)(C) and 11(a)(2) of the Federal Rules of Criminal Procedure,

4. Defendant understands that the charge to which he will plead guilty carries a combined maximum term of imprisonment of 65 years, a combined maximum fine of three million dollars, and a 4 year term of supervised released. Defendant understands that an

additional term of imprisonment may be ordered if the terms of the supervised released are violated, as explained in 18 U.S.C. § 3583. There is not a mutual mistake here, but rather a retroactive application of a guideline.

\* \* \*

10. At the time of sentencing, the United States will recommend a sentence of imprisonment at the low end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

\* \* \*

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in the best judgment and belief, conclude as follows:

A. **The Applicable Offense Level should be determined as follows:**

| | | |
|---|---|---|
| **Base Offense Level** | **26** | **§ 2D1.1(c) (9)** |
| **Organizer or leader** | **+2** | **§ 3B1.1(c)** |
| **Adjusted Based Offense level** | **28** | |
| **Possession of Weapon** | **+2** | **§ 2D1.1(b) (2)** |
| **TOTAL OFFENSE LEVEL** | **30** | |

B. The Criminal History of the Defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c)(2).

12. If the Court refuses to accept this agreement and impose sentence in accordance with its terms according to the United States' motion pursuant to Fed. R. Crim. P. 119(e)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and Defendant will be allowed to withdraw the plea of guilty.

\* \* \*

14. Defendant agrees that the disposition provided within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence.

(Joint Appendix at 108-09, 112-113) (emphasis added). The district court accepted the parties' guideline calculations and imposed the sentence of 181 months consistent with the plea agreement.

During oral argument, Peveler conceded that he does not want to set aside his plea agreement, given that to do so would subject him to prosecutions on two additional § 924(c) firearm charges. In any event, as discussed infra, this Court would lack the authority to set aside the plea agreement under § 3582(c).

### D. Analysis

This Court reviews a district court's decision to grant or deny a motion to modify under 18 U.S.C. § 3582 for an abuse of discretion. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). Yet, to the extent that Peveler's "arguments all rest on the legal interpretation of various [sentencing] guidelines," the district court's interpretation of the sentencing guidelines presents a question of law, subject to *de novo* review. *United States v. Smith*, 196 F.3d 676 (1999) (citing *United States v. Vincent*, 20 F.3d 229, 241 (6th Cir. 1994)).

The statutory authority for Peveler's sentence modification request is 18 U.S.C. § 3582(c)(2), which provides as follows:

The court may not modify a term of imprisonment once it has been imposed **except...in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant...** after considering the factors set forth in section 3553(a)... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added.)

18 U.S.C. § 3553(a) lists the following relevant factors to be considered when ruling on a motion to modify:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
(A) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense...
                    * * *
(5) any pertinent policy statement issued by the Sentencing Commission...

In a policy statement, the United States Sentencing Commission addressed the district court's exercise of its discretion on a § 3582(c)(2) motion, stating:

In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced...

Application note 2 to U.S.S.G. § 1B1.10.

Peveler argues that he is entitled to reduction of his sentence due to the Sentencing Commission's retroactive application of Amendment 599 to the sentencing guidelines set forth in revised § 1B1.10 of the U.S.S.G., as follows:

Weapon Enhancement. If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. *A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).* Do not apply any weapon enhancement in the guideline for the underlying offense, for example. If (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed back robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C.§ 924(c) conviction.

(Emphasis added.)

Eighteen U.S.C. § 3582 (c)(2) "empowers the District Court to modify the prisoner's sentence that would otherwise be final." *United States v. Williams*, 182 F.3d 919, 1999 WL 397945, **4 (6th Cir. 1999). Because Amendment 599 is given retroactive effect, a defendant may seek relief under § 3582(c)(2). *United States v. Diaz*, 248 F.3d 1065, 1107-08 (11th Cir.2001); *United States v. Aquino*, 242 F.3d 859, 865

(9th Cir.2001). Yet, a district court "has the discretion to deny a § 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range." *Usery*, 109 F.3d at, 1137, Accord, *United States v. Wesley*, 221 F.3d 1337, 2001 WL 799783, **2 (6th Cir. June 14, 2000).

Generally, "[o]nce the district court has accepted a plea agreement, [this Court has] traditionally regarded the agreement as a type of contract, and...[has] analyzed the respective obligations of the prosecution and the defendant under general principles of contract law." *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993) (citing *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990)). "A guilty plea, however, involves the waiver of at least three constitutional rights by a defendant...[and] [t]herefore, the analogy of a plea agreement to a traditional contract is not complete or precise, and the application of ordinary contract law principles to a plea agreement is not always appropriate." *Id.*, citing *United States v. Olesen*, 920 F.2d 538, 541 (8th Cir. 1990).

In *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990), the Eleventh Circuit noted the possibility of reformation of a Rule 11 plea agreement upon a showing of mutual mistake:

> Reformation of a written agreement is warranted only when the evidence demonstrates that the parties' mutual mistake resulted in a written document which does not accurately reflect the terms of their agreement. Consequently, reformation is generally, without more, not an available remedy where the evidence demonstrates mistake or change of mind of only one of the contracting parties.

*Id.* at 1472 (citations omitted). In *dicta*, the First Circuit suggested that modification of a plea agreement under a Rule 11(e)(1)(C) may be justified upon a showing of a mutual mistake *United States v. Teeter*, 257 F.3d 14, 28 n.12 (1st Cir. 2001).

Yet, a rule of criminal procedure can limit a court's authority. *United States v. Robinson*, 361 U.S. 220, 223, 229-30 (1960) "([T]he court may not enlarge the period for taking any action under rules 33, 34, and 35, except as otherwise provided in those rules)." Here, Rule 11 recognizes three types of plea agreements Fed. R. Crim. P. 11(e)(1)(A) through (C). Peveler's plea agreement is under former Rule 11(e)(1)(C) which expressly limits the district court's authority to modify the agreement. Accordingly, the threshold issue here is whether the district court possessed the authority to modify parties' agreed sentence that was imposed under a Rule 11(e)(1)(C) plea agreement.

At the time of Peveler's 1994 plea agreement, former Rule 11(e)(1)(C) provided only that the parties "agree that a specific sentence is the appropriate disposition of the case." A Rule 11(e)(1)(C) plea can also include "the language in the plea agreement whereby the parties agreed that 'any sentence of incarceration shall not exceed the midpoint of the sentencing guideline range that the court finds to be applicable.' This language has been held to be the equivalent of a sentencing recommendation under Fed. R.Crim. P. 11(e)(1)(C) that is binding on a district court." *United States v. Benjamin*, 188 F.3d 509, 199WL685924 * 2 (6th Cir. August 26, 1999).

Even under the pre-1999 version of former Rule 11(e)(1)(C), we held that "[o]nce the court unqualifiedly accepts the agreement it too is bound by the bargain." *United States v Holman*, 728 F.2d 809, 813 (6th Cir. 1984) (citations omitted). Prior to the 1999 amendments to Rule 11(e), in *Fields v. United States*, 963 F.2d 105 (6th Cir. 1992), a defendant argued that the district court's acceptance of a Rule 11(e)(1)(C) plea agreement bound the district court to accept the sentence in his Rule 11(e)(1)(C) agreement. We disagreed and held that "[a] sentencing judge could no longer be forced to abide by an agreed to sentence where that sentence did not conform to the Guidelines, as that would eviscerate their purpose." *Id.* at 108, citing *United States v. Kemper*, 908

F.2d 33 (6th Cir. 1990). *Fields*[2] required the district courts to consider a Rule 11(e)(1)(C) plea agreement in conjunction with the Sentencing Guidelines and, under Fields, the district court retained the authority to reserve judgment on acceptance of the plea agreement:

> In Kemper this court recognized that Holman, which was decided before the Sentencing Guidelines, had been overruled by "the 1987 amendments to the Federal Rules of Criminal Procedure and the implementation of the ... Guidelines." *Id.* at 35. A sentencing judge could no longer be forced to abide by an agreed to sentence where that sentence did not conform to the Guidelines, as that would eviscerate their purpose.
>
> The *Kemper* court explained that if a plea agreement has been accepted by the court before the presentence report has been conducted, Guidelines § 6B1.1(c) describes the proper procedure:
>
> The court shall defer it decision to accept or reject any nonbinding recommendation pursuant to Rule 11(c)(1)(B) and the court's decision to accept or reject any plea agreement pursuant to Rules 11(e)(1)(A) and 11(e)(1)(C) until there has been an opportunity to consider the presentence report.
>
> Guideline § 6B1.1 as interpreted by *Kemper*, makes contingent upon its review of the presentence report. For, "only if the court is satisfied ... that the contemplated sentence is within the guidelines" can it

---

[2]More recent decisions in other circuits question *Fields*, citing the 1999 amendments to Rule 11 and U.S.S.G. Ch.1 pt.A4(c) and Ch.6,pt.B, introductory cmt. and U.S.S.G. § 6B1.2, and concluding that the guidelines and policy guides do not preclude a district court from imposing a sentence outside the guidelines under a Rule 11(e)(1)(C) plea agreement. *United States v. Goodall*, 236 F.3d 700, 704-06 (D.C. Cir. 2001), and authorities cited therein.

> accept an agreement requiring imposition of a specific sentence. Kemper, 908 F.2d at 36-37.
>
> Upon review of the presentence report, if the sentencing court determines that there was an error in the calculating the agreed-upon sentence, it must reject the plea. Id.; U.S.S.G. § 6B1.3. The court must then "afford the defendant an opportunity to withdraw the defendant's guilty plea." U.S.S.G. § 6B1.3.

*Id.* at 108-09.

With the 1999 amendments to Rule 11(e)(1)(C), the current version of former Rule 11(e)(1)(C) expressly limits a district court's authority to alter or modify any sentence imposed under such an agreement:

> (e) Plea Agreement Procedure.
>
> (1) In General. An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> * * *
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (***such a recommendation or request binds the court once the court accepts the plea agreement***).

(Emphasis added.) The underscored language was added in the 1999 amendments to Rule 11.

Albeit in unpublished decisions, we have held that in light of the 1999 amendments, upon "accepting the [Rule 11(e)(1)(C)] agreement, the district court bound itself to the government's end of the guideline range. If the district court did not agree with the government's binding sentencing recommendation, it was free to reject the agreement. Once the district court chose to accept the agreement, however, the court was required to follow its provisions." *United States v. Taylor*, 14 Fed.Appx. 546, 552, 2001 WL 814924 * 6 (6th Cir. 2001).

In another unpublished decision concerning a Rule 11(e)(1)(C) plea agreement, we held that "once a district court accepts a plea agreement where parties agreed on "a specific sentence or sentencing range," the district court is bound by the parties' plea agreement" and "cannot impose a sentence greater or less severe than what is in the plea agreement[]" unless "the terms of the plea agreement are equivocal." *United States v. Debreczeny*, 69 Fed. Appx. 702, 705, 2003 WL 21580433 * 3 (6th Cir 2003). In the latter instance, "the district court has discretion to interpret its terms." *Id*. We follow and adopt the rationale of these unpublished decisions.

Here, at the time of sentencing, the district court applied the parties' calculations of the relevant guidelines to Peveler's plea agreement. Yet, this Court has not addressed whether a district court has the authority to modify of a sentence under a Rule 11(e)(1)(C) plea agreement based upon a retroactive amendment to a guideline that was utilized to determine the defendant's sentence.

The Seventh and Tenth Circuits have held that retroactive amendments to the sentencing guidelines provide legally insufficient basis on which to modify a sentence under a Rule 11(e)(1)(C) plea agreement. In *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996), the Tenth Circuit observed that a district court lacked jurisdiction to consider a motion to modify a sentence under § 3582(c)(2), based upon the

retroactive Amendment 488 to U.S.S.G. § 2D1.1(a), where the sentence was based upon a Rule 11(e)(1)(C) plea agreement:

> The government is correct in its assertion that federal courts lack jurisdiction to review a Rule 11(e)(1)(C) sentence where a prisoner claims that his Rule 11(e)(1)(C) sentence is greater than the sentence range specified in the applicable guidelines. See 18 U.S.C. § 3742(C)(1); *United States v. Denogean*, 79 F.3d 1010, 1013-14 (10th Cir. 1996), cert. denied, 519 U.S. 856, 1117 S.Ct. 154, 136 L.Ed. 2d 99 (1996); *United States v. Prieto-Duran*, 39 F.3d 1119, 1120 (10th Cir. 1994). However, this is not a direct appeal of Mr. Trujeque's sentence, nor is it a collateral attack under 28 U.S.C. § 2255. Rather, Mr. Trueque has filed motion under 18 U.S.C. § 3582 (c)(2). And the viability of his motion depends entirely upon that statute. Our appellate jurisdiction over final decision extends as far as to consider the district court's denial of Mr. Trujeque's § 3582 (c)(2) motion.

*Id*. at 870-71 (emphasis added). The Tenth Circuit then ruled that the defendant's sentence was not actually calculated under the guidelines, but was determined by the Rule 11(e)(1)(C) plea agreement. *Id*. at 871. Thus, this retroactive amendment could not have affected the original sentence, and the Tenth Circuit directed a dismissal of the motion to modify. *Id*. Similarly, Peveler was sentenced pursuant to a Rule 11(e(1)(C) plea agreement that binds both the parties and the court. The fact that the parties in this case specified an offense level under the sentencing guidelines rather than a fixed period of imprisonment like the parties in *Trujeque* is a distinction without a difference in terms of the court lacking the power to amend the plea agreement.

In *United States v. Hemminger*, 114 F.3d 1192, 1997 WL 235838 (7th Cir. May 2, 1997), the Seventh Circuit affirmed the denial of a motion to modify under § 3582(c)(2) based

upon a retroactive amendment to the relevant sentencing guideline for the defendant's sentence. There, the Rule 11(e)(1)(C) plea agreement expressly stated that the agreed sentence was not premised on the Court's or probation officer's calculation of the guidelines. The Seventh Circuit ruled:

> After accepting the agreement, the court "is not free to revisit the plea agreement simply because, for whatever reason, the defendant later comes back to the court for resentencing." *United States v. Ritsema*, 89 F.3d, 399 (7th Cir. 1996). See also *United States v. Barnes*, 83 F.3d 934, 938 (7th Cir. 1996). The sentence, under a Rule 11(e)(1)(C) plea rests on the parties' agreement, not on the calculation under the Sentencing Guidelines.

> Of course, a defendant is entitled to contest a plea under Rule 11(e)(1)(C) on the same grounds that any other plea may be challenged--that it was involuntary, that is was the result of ineffective assistance of counsel, that the indictment does not state an offense, and so on. But Hemminger does not want to withdraw his plea and go to trial; he does not contend that the plea is infirm on any legal or factual ground; instead he wants to keep the benefits of the plea while receiving a lower sentence. That possibility is one he bargained away in 1990. Having received the benefits of his agreement, Hemminger must accept the portions favorable of the prosecutor.

*Id*. at * 1. *Himminger* differs only in that Peveler's plea agreement provided that the district court would determine what the guideline calculation "should be."

Assuming that Peveler is correct in his interpretation of Amendment 599 as applied to his sentence[3], we defer to the express language in the 1999 amendments to the former Rule 11(e)(1)(C) and our unpublished decisions on that Rule.[4] Thus, absent an agreement of the parties, the plain language of the current version of Rule 11(e)(1)(C), now Rule 11(c)(1)(C), generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(C). This conclusion applies despite the retroactivity of a subsequent amendment to a relevant guideline utilized to determine the defendant's sentence.

For these reasons, we AFFIRM the district court's order.

---

[3] There is authority to support Peveler's contention that Amendment 599 precludes an enhancement above the guideline calculation where a Section 924(c) conviction is among the related conduct leading to the calculation of the guidelines. See *United States v. Aquino*, 242 F.3d 859, 863-66 (9th Cir. 2001); *United States v. Wright*, 7 Fed. Appx. 296, 2001 WL 420495 (4th Cir. 2001). In a word, the issue concerns the enhancement for related conduct, not whether the offenses occurred on different dates.

[4] This conclusion should not be construed as a blanket bar to all such motions for relief. Fed. R. Crim. P. 35(b) has been deemed a potential basis for relief in an "exceptional case," *United States v. Mukia*, 26 F.3d 953, 955 (9th Cir. 1994). The First Circuit in *dicta* noted a "rare case" exception to allow modification "to avoid a miscarriage of justice or to correct a mutual mistake." *Teeter*, 257 F.3d at 28, n.12. We do not consider either of these potential exceptions here. There is not a mutual mistake here, but rather a retroactive application of a guideline. We note, however, that with the two-level deduction sought, Peveler's actual sentence is within the revised sentencing guideline range although the sentence is not at the low end of the revised guideline range as provided in the plea agreement. Peveler does not seek to set aside his plea agreement.