UNITED STATES of America,
Plaintiff–Appellee,

v.

Lennie JACKSON, Defendant–
Appellant.

No. 03–2391.

United States Court of Appeals,
Sixth Circuit.

Aug. 19, 2004.

F. William Soisson, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Lennie Jackson, Pekin, IL, pro se.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

### ORDER

Lennie Jackson, a pro se federal prisoner, appeals a district court order denying his motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jackson was indicted in a multi-count indictment with conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); unlawful use of a communication facility, in violation of 21 U.S.C. §§ 841(a)(1) and 843(b) (Count 3); use or carrying of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 8); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count 9); and laundering of monetary instruments, aiding and abetting, 18 U.S.C. §§ 1956 and 2 (Count 10). Jackson entered a plea of guilty to Counts 1, 3, 9, and 10.

A probation officer prepared a presentence investigation report ("PSI"), Jack-

son's combined offense level was calculated to be 38 levels, using USSG §§ 2D1.1(c)(1) and 2K2.1(a)(7). His combined offense level was reduced three levels for acceptance of responsibility, resulting in a total offense level of 35. With his criminal history category of I, Jackson's imprisonment range was 168 to 210 months' imprisonment. The district court adopted the findings and guidelines application in the PSI, but gave Jackson a downward departure because "this defendant was equally culpable to a co-defendnat [sic] who received a sentence of 151 months." The district court then sentenced Jackson to 151 months' imprisonment. Jackson appealed; this court affirmed his judgment and conviction.

Thereafter, Jackson filed a motion to modify his sentence, asserting that he was entitled to a sentence reduction under Amendment 599 to the sentencing guidelines. Jackson argued that he should have received a mitigating role reduction because he was less culpable than his coconspirators. The district court denied Jackson's motion. Jackson appealed.

We review a district court's order denying a motion to modify sentence for abuse of discretion. *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir.2004). Section 3582(c)(2) allows a court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Under USSG § 1B1.10, certain amendments are given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c).

■ Amendment 599 is given retroactive effect under § 1B1.10; thus a defendant may seek to modify his sentence pursuant to Amendment 599. *Peveler*, 359 F.3d at 374. Amendment 599 provided for certain changes to the commentary for USSG § 2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). Jackson, however, was not convicted under any of these statutes. Further, USSG § 2K2.4 was not used to determine his guidelines range; rather, the court relied on USSG §§ 2D1.1(c)(1) and 2K2.1(a)(7) in calculating his sentencing range. Consequently, Amendment 599's changes to § 2K2.4 ultimately did not affect Jackson's sentence.

■ Jackson cites to Amendment 635 for the first time on appeal, which provided for certain changes to the commentary of USSG § 3B1.2 regarding mitigating role reductions. Although we generally will not review an issue not first presented to the district court, pro se litigants' pleadings are held to less stringent standards if the pleading is sufficient to call for the opportunity to present supporting evidence. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Because Jackson's motion below properly cited to amendments to USSG § 3B1.2, his pleadings before the district court are sufficient, notwithstanding his citation to Amendment 599.

■ Amendment 635, however, is not given retroactive effect under § 1B1.10. We have held that an amendment not listed in USSG § 1B1.10 is not to be applied retroactively. *United States v. Dullen*, 15 F.3d 68, 70–71 (6th Cir.1994). Hence, the district court did not abuse its discretion in denying Jackson's motion to modify his sentence.

Accordingly, the district court's denial of Jackson's motion to modify sentence is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.