**UNITED STATES of America, Plaintiff,**

v.

**Ronald L. HICKS, Defendant.**

**No. CRIM. 92–80754.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 7, 2005.

Ronald Hicks, FCI McKean, Bradford, PA, Pro se, Federal Defender, Federal

Defender Office (Detroit), Detroit, MI, Godfrey J. Dillard, Evans & Luptak, Bloomfield Hills, Richard M. Lustig, Birmingham, for Ronald Hicks (1), Defendant.

Stephen J. Murphy, III, United States Attorney's Office, Jennifer M. Granholm, United States Attorney's Office, Sheldon N. Light, United States Attorney's Office, Detroit, MI, for United States of America, Plaintiff.

## ORDER DENYING MOTION TO MODIFY SENTENCE

GADOLA, District Judge.

Before the Court is Defendant's *pro se* motion to modify his sentence pursuant to 18 U.S.C. § 3582(c), which argues that Amendment 599 to the United States Sentencing Guidelines allows for a reduction of his sentence. For the reasons stated below, the Court will deny Defendant's motion.

Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 11), to use or carrying of a different firearm during and in relation to a crime of drug trafficking in violation of 18 U.S.C. § 924(c) (Count 21), and to carrying on a continuing criminal enterprise in violation of 18 U.S.C. § 848 (Count 28). Defendant was sentenced on June 22, 1993 to 357 months of incarceration, as specifically provided for in the plea agreement. The sentence included a term of 297 months for carrying on a continual criminal enterprise, a concurrent term of 120 months for being a felon in possession of a firearm, and a consecutive term of 60 months for use of a firearm in a drug trafficking offense. Defendant now brings a motion under 18 U.S.C. § 3582(c), claiming that Amendment 599 to the United States Sentencing Guidelines entitles him to a reduction of his sentence.

Amendment 599 revises the commentary to § 2K2.4 of the sentencing guidelines. Section 2K2.4 of the sentencing guidelines, which Amendment 599 amends, addresses "use of firearm, armor-piercing ammunition, or explosive during or in relation to certain crimes." U.S.S.G. § 2K2.4. That is, the section addresses the sentencing for violations of 18 U.S.C. § 844(h) (use of explosives), 924(c)(use of a firearm), or 929(a)(use of armor piercing ammunition). The use of a firearm, Section 924(c), is at issue in this case. Amendment 599 states, in part, that

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense... Do not apply any weapon enhancement for the underlying offense.

U.S.S.G. Am. 599. The amendment may be applied retroactively, and therefore Defendant may seek relief from this Court under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(c).

The Court determines that Defendant's motion is moot because of Defendant's concurrent sentences. Amendment 599 affects only the enhancements or adjustments made in the underlying sentence. In this case, Defendant's sentence of 120 months under 18 U.S.C. § 922(g), is the underlying offense that Amendment 599 would affect. That 120 month sentence was imposed to run concurrent with the sentence of 297 months imposed for violations of 18 U.S.C. § 848(a). The 297 month sentence was not adjusted for any firearm use and is therefore not affected by Amendment 599. Even if the Court were to modify Defendant's 120 month sentence under 18 U.S.C. § 922(g) based

on the amendment, it would not affect the 297 month sentence. Consequently, Defendant's motion to modify his sentence will be denied.

Alternatively, the Sixth Circuit has held that "a district court 'has the discretion to deny a § 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range.'" *United States v. Peveler*, 359 F.3d 369 (2004) (quoting *United States v. Ursery*, 109 F.3d 1129, 1137 (1997)). After considering the factors set forth in section 3553(a), to the extent that they are applicable, the Court declines to modify the sentence. 18 U.S.C. § 3582(c)(2), 3553(a). In particular, the seriousness of the offenses and the specific plea agreement negotiated in this case, which resulted in the dismissal of multiple other counts of the indictment, warrant the existing sentence.

**ACCORDINGLY, IT IS HEREBY ORDERED** Defendant's motion to modify his sentence [docket entry 519] is **DENIED**.

**SO ORDERED.**