NOT RECOMMENDED FOR PUBLICATION
File Name: 11a0033n.06

No.  09-5743

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Jan 13, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| Plaintiff-Appellee | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF KENTUCKY |
| v. | ) | |
| | ) | |
| Broderick Richardson, | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, COOK, and WHITE, Circuit Judges

**MERRITT, Circuit Judge.**  After negotiating a plea agreement with the Government, Defendant Broderick Richardson pled guilty to two counts of possession with intent to distribute powder and crack cocaine and was sentenced to twenty years imprisonment.  He now challenges the district court's denial of his motion for a sentence reduction, which sought to set aside his plea agreement in light of the United States Sentencing Commission's retroactive amendment to the Sentencing Guidelines, intended to reduce disparities in sentences for crack cocaine.  Although the amendment would ordinarily have reduced the advisory Sentencing Guidelines range applicable to the crack offense with which Richardson was charged, in this particular case the amendment was irrelevant, as he was sentenced under a statutory mandatory minimum on the basis of a prior felony drug conviction.  Accordingly, we affirm the decision of the district court.

On October 20, 2004, Richardson was arrested for driving without a license; and a search of his car revealed 92.2 grams of crack cocaine, 474.86 grams of powder cocaine, along with digital scales, baggies, and $9,146 in cash. He was subsequently charged with possession with intent to distribute powder and crack cocaine, both in violation of 21 U.S.C. § 841. Richardson had two prior felony drug convictions in Kentucky state court. In a written plea agreement accepted by the district court under Federal Rule of Criminal Procedure 11(c)(1)(C), the Government agreed to file a notice, pursuant to 21 U.S.C. § 851, concerning only one of these prior felony convictions, in exchange for Richardson's guilty plea. This notice triggered a statutory mandatory minimum sentence of twenty years imprisonment, which the district court imposed. 21 U.S.C. § 841(b)(1)(A). Had the Government noticed the other felony conviction, the applicable mandatory minimum would have been life imprisonment. *Id.*

After the Sentencing Commission's Amendment 706 to the Guidelines became retroactively effective on November 1, 2007, and reduced by two the offense level for most crack cocaine offenses, Richardson moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court ordered the United States Probation Office to prepare a report examining the impact of the Guidelines amendment on Richardson's case. The Probation Office concluded that Amendment 706 had no impact, for two independent reasons: (1) Richardson was sentenced not under the Guidelines but under a statutory mandatory minimum imposing a twenty-year sentence for convictions under 21 U.S.C. § 841 where the defendant has a prior felony drug conviction, and (2) the sentence was imposed in accordance with a binding Rule 11(c)(1)(C) plea agreement. The district court, adopting both these rationales, denied Richardson's motion. He now appeals.

On appeal, Richardson's argument almost entirely[1] concerns the second of the district court's two rationales in rejecting his motion for a sentence reduction: he maintains that a defendant should not be barred from having his sentence reduced when he pled guilty pursuant to a plea agreement negotiated in the shadow of a Guidelines range which has since been lowered by a retroactive amendment. The current state of the law in this Circuit is precisely to the contrary. In *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004), this Court held that a defendant who is sentenced under a plea agreement pursuant to Rule 11(c)(1)(C) is ineligible for relief in a 18 § U.S.C. 3582(c) motion to reduce his sentence on the basis of a retroactive amendment to the Guidelines. In a recent unpublished opinion, we have applied that rule to the particular circumstance of Amendment 706 in two consolidated cases raising what Richardson concedes to be an issue identical to the one in the instant matter. *United States v. Goins*, Nos. 08-6374, 09-5047, 2009 WL 4251050 (6th Cir. Nov. 20, 2009), *cert. granted sub nom. Freeman v. United States*, 2010 WL 1532401 (Sept. 28, 2010).

The core of Richardson's argument asks us to reexamine the wisdom of the *Peveler* rule, and that rule, at least as applied in the context of crack cocaine sentencing, is currently under review by the Supreme Court. Nonetheless, the ultimate fate of *Peveler* is no matter, because of the

---

[1]While Richardson does not directly address the independent mandatory minimum rationale on appeal, he does glancingly suggest that, were we to reverse *Peveler* and find that Amendment 706 allowed him to set aside the plea agreement, he potentially could receive a sentence less than the mandatory minimum if he provided "substantial assistance" and the Government moved for a downward departure on that basis pursuant to 18 U.S.C. § 3553(e). However, he points to no circumstances which have changed since his plea agreement was initially negotiated that would indicate a new willingness of the Government to so move, and the Government in its brief makes no suggestion it would be willing to follow this course. Given this lack of a factual basis, this argument is simply too speculative to merit our reexamining the *Peveler* rule in this context, even assuming we were willing or able to do so.

independent sufficiency of the other rationale of the district court, which found that the amendment would be irrelevant in Richardson's case because he was sentenced as a repeat drug offender under the statutory mandatory minimum. The law is clear that defendants sentenced under statutory mandatory minimums are not eligible for 18 U.S.C. § 3582(c) relief. *See United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (affirming a district court's refusal to grant a sentence reduction in light of Amendment 706 where the defendant "was not in fact sentenced based on a Guidelines range that was subsequently reduced" but instead was sentenced "based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A)"); U.S.S.G. § 1B1.10, comment 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")).

For the above reasons, the decision of the district court is **AFFIRMED**.