NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0507n.06

No. 08-6350

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Aug 13, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TRACY HUGHLEY, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: KENNEDY, ROGERS and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Tracy Hughley challenges the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his 120-month sentence for being a felon in possession of a firearm. We vacate and remand.

I.

In 2001, Chattanooga police officers executed a search warrant at Hughley's residence and seized four firearms, 34.4 grams of crack cocaine, and $1365 in cash. In 2004, Hughley pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), in exchange for the government's dismissal of a drug-conspiracy charge.

The district court sentenced Hughley using the 2004 version of the Guidelines. To determine his Guidelines range, the court began by calculating Hughley's offense level under U.S.S.G. § 2K2.1,

which covers firearm offenses. Because Hughley possessed a firearm in connection with another offense, the court also had to calculate an offense level using U.S.S.G. § 2X1.1, which covers crimes involving attempt, solicitation, and conspiracy. That section, in turn, directed the court to apply the guideline for the substantive offense, which was § 2D1.1 because the offense here involved a conspiracy to distribute crack cocaine. Hughley's Guidelines range would be based on the higher of the two offense levels. *See* U.S.S.G. § 2K2.1(c).

The court never formally completed that process, however, because its rough calculations showed that Hughley's calculated Guidelines range would inevitably exceed the 120-month statutory maximum sentence for his § 922(g)(1) violation. *See* 18 U.S.C. § 924(a)(2). That period, therefore, replaced the calculated Guideline range, *see* U.S.S.G. § 5G1.1(a); and the court sentenced Hughley accordingly.

Hughley later filed a motion under 18 U.S.C. § 3582(c)(2), asking the district court to reduce his sentence based on Amendment 706, which lowered the offense level for most crack-cocaine violations. *See* U.S.S.G., app. C, amend. 706 (2007). The court denied that motion, holding that a reduction was both unauthorized and unwarranted.

This appeal followed.

## II.

Hughley challenges the manner in which the district court applied the Guidelines at sentencing and in denying his § 3582(c)(2) motion. That section, however, is not a vehicle to correct mistakes made at the initial sentencing. *See Dillon v. United States*, 560 U.S. ___, slip op. at 13-14 (June 17, 2010) (stating that correcting sentencing mistakes is "outside the scope of the proceeding

authorized by § 3582(c)(2)"). So we consider only the manner in which the district court applied the Guidelines in denying Hughley's motion. We review the court's factual findings for clear error and its legal conclusions de novo. *See United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009).

The district court's first reason for rejecting Hughley's § 3582(c)(2) motion was that Amendment 706 had not reduced his Guidelines range. The court stated that Hughley's new offense level was 29. To arrive at that figure, the court apparently started with a base offense level of 30, added two levels for possession of a firearm, and subtracted three levels for acceptance of responsibility. A base offense level of 30 corresponds to responsibility for crack quantities between 50 and 150 grams under the amended drug quantity table. *See* U.S.S.G. § 2D1.1(c)(5).

The police found only 34.4 grams of crack at Hughley's residence. But the district court concluded that the $1365 in cash they found represented the proceeds of prior crack sales; so the court converted the cash into crack for sentencing purposes. *See generally* U.S.S.G. § 2D1.1, cmt. n. 12; *United States v. Sandridge*, 385 F.3d 1032, 1037-38 (6th Cir. 2004). The court must ensure that such a conversion does not result in double counting, however, as it would if the cash were payment for the same drugs that were seized. *See Sandridge*, 385 F.3d at 1038.

Hughley says the court double counted here. Specifically, he argues that he had just sold the seized crack to his brother and co-defendant Howard Turner, and that the money was the proceeds of the sale. The argument finds some support in the testimony of the government's sole witness, ATF Agent Paris Gillette. He testified that Turner had identified Hughley as his source of crack cocaine, and that Turner had gone to Hughley's residence on the date of the search to purchase crack for resale. Gillette also confirmed that all of the cash at the residence was found on Hughley, while

most of the crack was found on Turner. Those facts are consistent with Hughley's theory. On appeal, the government, for whatever reason, offers no defense of the district court's conversion finding. We see no basis in the record before us, therefore, to affirm the district court's finding that all of the cash found on Hughley should be converted to crack.

The district court found in the alternative that, even if a sentence reduction was permissible under § 3582(c)(2), the court would exercise its discretion not to grant one here. *See generally United States v. Peveler*, 359 F.3d 369, 375 (6th Cir. 2004). In reaching that determination, the court stated that, without converting the cash to crack, Hughley's offense level was 27 under the amended Guidelines.

The district court did not explain how it calculated that offense level. The government says the court could have reached that figure solely using § 2K2.1, without applying the cross-reference. If so, it must have applied the 2004 version of the Guidelines. But Hughley has consistently raised an *ex post facto* challenge to that version, and the court did not mention that objection. Moreover, the government acknowledges that the district court had previously misstated, as two steps rather than four, the difference in Hughley's offense level with and without conversion of cash to crack. A repetition of that mistake would also explain the court's calculation.

A decision based on an erroneous legal premise is an abuse of discretion. *See Ott v. Midland-Ross Corp.*, 600 F.2d 24, 35 (6th Cir. 1979). To decide whether the court made such an error, we must first be able to identify the basis for the district court's decision, which we cannot do here. We therefore vacate the court's denial of Hughley's § 3582(c)(2) motion and remand for the district court to conduct its determination anew.