**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0574n.06

No. 09-4192

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 15, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| JAMES L. EWING, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUTTON and COOK, Circuit Judges; GREER, District Judge.[*]

COOK, Circuit Judge. Federal prisoner James Ewing, proceeding pro se, appeals the district court's denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We affirm.

I.

A jury convicted James Ewing in 1993 of conspiracy to distribute crack cocaine and possession with intent to distribute in excess of five grams of cocaine base. Based on the Presentence Report assessment that Ewing sold some fifty-nine grams of crack cocaine, the then-applicable Sentencing Guidelines yielded a base offense level of thirty-two. Because Ewing's prior convictions for burglary and aggravated robbery qualified him as a career offender under section

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

4B1.1 of the Sentencing Guidelines, the district court raised the offense level to thirty-four, then sentenced him to concurrent terms of 240 and 300 months' incarceration, followed by four years' supervised release.

In 2007, the United States Sentencing Guidelines Commission implemented Amendment 706 to the Guidelines, which retroactively lowered the offense levels applicable to crack offenses. *See* U.S.S.G. app. C, amend. 706. Ewing, referencing this amendment, moved the following year to reduce his sentence. The district court denied the motion because his sentence hinged on his career-offender status rather than on the drug quantities attributable to him. Ewing now appeals.

II.

We review for abuse of discretion a district court's decision whether to reduce a defendant's sentence based on later Sentencing Guidelines changes. *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004). We examine de novo a court's authority to resentence. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008).

"The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress." *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Section 3582(c)(2) accords a district court the discretion to reduce a sentence based upon a change in the Guidelines that affects a defendant's sentencing range:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable policy statement, section 1B1.10 of the Guidelines, requires that the amendment in question be "applicable to the defendant" and have the "effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). Amendment 706 reduced the crack cocaine offense levels under section 2D1.1, not the career offender offense levels under section 4B1.1. Because the court sentenced Ewing under section 4B1.1, Amendment 706 offers him no relief. *See United States v. Perdue*, 572 F.3d 288, 292–93 (6th Cir. 2009) (holding a defendant ineligible for a reduced sentence under Amendment 706 where the court calculated the applicable Guidelines range based on his status as a career offender).

Ewing claims that the district court erred by treating section 1B1.10's policy statement as mandatory, thus incorrectly curtailing its discretion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Ewing is wrong. Congress, unlike the Sentencing Commission, has the authority to cabin the district court's discretion, and it did so in the text of § 3582(c)(2). *See Perdue*, 572 F.3d at 292; *accord Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010).

Ewing also argues that 28 U.S.C. § 994(h), which requires the Commission to specify sentences for career offenders, does not apply to his conspiracy conviction. This argument fails because the probation office grouped his two convictions together in the Presentence Report, in accordance with U.S.S.G. § 3D1.2(d). For counts grouped in this manner, courts determine the applicable offense level by aggregating the quantities of the individual counts. U.S.S.G. § 3D1.3(b). Thus, even though the statutory maximum for Ewing's conspiracy offense was 240 months' incarceration, the court properly calculated his grouped offenses to yield a Guidelines range of 262 to 327 months. *See* U.S.S.G. §§ 4B1.1, 5G1.2(c).

Last, Ewing argues that we should remand for resentencing because his sentence was unreasonable. Given that a reasonableness challenge exceeds the bounds of § 3582(c)(2), we reject this argument.

III.

For these reasons, we affirm.