# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2739

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Plaintiff - Appellee,　　　 *
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Minnesota.
Demetrius Brown, also known as　　 *
"Pondo," also known as Darius Dixon, *　[PUBLISHED]
also known as Antoine Deonte Moore, *
　　　　　　　　　　　　　　　　　*
　　　　Defendant - Appellant.　　 *

_____

Submitted: May 13, 2009
Filed: May 20, 2009

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MILLER, District Judge.[1]

_____

PER CURIAM.

In 1997, Demetrius Brown was convicted by a jury of conspiracy to possess cocaine and cocaine base, commonly known as "crack," in violation of 21 U.S.C. § 846, and attempting to possess with intent to distribute cocaine in violation of 21

---

[1]The Honorable Brian Stacy Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court[2] found Brown's Guidelines range to be 360 months to life, and sentenced him to 360 months imprisonment.

In 2008, Brown moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the Guidelines, which reduced the base offense level for crack offenses by two levels. He also sought an evidentiary hearing to present evidence in support of a reduction in his sentence by more than two levels. The district court calculated an amended Guideline range of 292 to 360 months, and resentenced Brown to 292 months imprisonment. The district court thus implicitly denied Brown's request for an evidentiary hearing.

Brown appeals, arguing that the district court had authority to reduce his sentence below the amended Guidelines range and erred by not doing so. His argument, however, is foreclosed by United States v. Starks, 551 F.3d 839 (8th Cir. 2009), in which we held a resentencing court does not have the authority to reduce a defendant's sentence to a term below the amended Guidelines range. Id. at 843. The district court thus did not err in refusing to consider a further reduction in Brown's sentence.

Brown also argues on appeal that the district court violated his Sixth Amendment right to counsel by failing to appoint counsel even though Brown did not request counsel. However, there is no constitutional right to counsel in § 3582(c) proceedings. United States v. Forman, 553 F.3d 585, 590 (7th Cir. 2009); United States v. Olden, No. 08-5060, 2008 WL 4596336, at *3 (10th Cir. Oct. 15, 2008); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996); United States v. Whitebird, 55 F.3d

---

[2]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

1007, 1011 (5th Cir. 1995); United States v. Reddick, 53 F.3d 462, 463-65 (2d Cir. 1995).

       For these reasons, the judgment of the district court is affirmed.

_____