# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2904

_____

United States of America,

        Appellee,

v.

Ronnie Joe Benson,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: July 7, 2009
Filed: July 9, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ronnie Benson appeals following the district court's[1] orders reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) and denying reconsideration. We affirm.

In 1997, a jury found Benson guilty of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. The district court sentenced him to a total of 360 months in prison (the bottom of the Guidelines range of 360 months

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

to life) and 5 years of supervised release. We affirmed the conviction and sentence. See United States v. Sanders, Nos. 07-3782/3856, 1998 WL 796101, at *1 (8th Cir. Nov. 16, 1998) (unpublished per curiam).

In June 2008, Benson filed a counseled motion to reduce his sentence based on Amendment 706 to the Guidelines, which retroactively reduced base offense levels for crack offenses. The government indicated that it did not object to imposition of a sentence at the bottom of the revised sentencing range of 292-365 months. The district court granted Benson's motion and reduced his 360-month prison sentence to 292 months. In a pro se motion to reconsider, Benson challenged his counsel's failure to object to the drug-quantity calculations in his presentence report. The district court denied the motion.

We have considered Benson's arguments on appeal, and we find no grounds for reversal. See United States v. Starks, 551 F.3d 839, 841-43 (8th Cir.) (discussing narrow scope of sentence reductions under § 3582(c), and inapplicability of United States v. Booker, 543 U.S. 220 (2005)), cert. denied, 2009 WL 1043901 (U.S. June 1, 2009) (No. 08-9839). As to Benson's complaint about his counsel, we note that there is no right to counsel in a section 3582(c)(2) proceeding. See United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009) (per curiam).

Accordingly, we grant counsel's motion to withdraw and Benson's motion to supplement, and we affirm the judgment of the district court.

_____