NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1336
_____

DEMETRIUS BROWN,
                                        Appellant

v.

WARDEN J. GRONDOLSKI, FCI FORT DIX


_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 08-cv-06367
(Honorable Robert B. Kugler)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2010

Before:  SCIRICA, JORDAN and VANASKIE, <u>Circuit Judges</u>.

(Filed: August 27, 2010)


_____

OPINION OF THE COURT
_____

PER CURIAM.

Demetrius Brown, a federal inmate, appeals from the dismissal of his habeas

corpus petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

In 1997, a jury in the United States District Court for the District of Minnesota

convicted Brown of offenses relating to possession and distribution of crack cocaine. He

was sentenced to 360 months of imprisonment. Brown's conviction and sentence were

affirmed on direct appeal, see United States v. Brown, 148 F.3d 1003 (8th Cir. 1998), and

his motions filed pursuant to 28 U.S.C. § 2255 were unsuccessful. Brown next filed two

motions for a reduction in his sentence based on amendments to the Sentencing

Guidelines. In response, the District Court issued an order on July 22, 2008, which stated

the following:

> Defendant has moved, pursuant to 18 U.S.C. § 3582(c)(2), for a sentencing reduction under the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases. He asks the Court to reduce his term of imprisonment from 360 months to time served. The United States opposes the reduction in sentence, contending defendant should receive no less that 292 months.
> Based on the files, records, and proceedings herein, defendant's motion [Docket No. 633] is granted. The Court finds that a sentence of 292 months satisfies the objectives of the sentencing guidelines.

The Bureau of Prisons ("BOP") recalculated Brown's release date, which now appears to

be in August 2017.

Brown appealed, asserting that the District Court erred by not further reducing his

sentence. The United States Court of Appeals for the Eighth Circuit affirmed, holding

that "a resentencing court does not have the authority to reduce a defendant's sentence to a term below the amended Guidelines range." United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).

In the meantime, Brown filed a § 2241 petition in the United States District Court for the District of New Jersey, arguing that the July 22, 2008, order reduced his sentence to "time served," rather than to 292 months of imprisonment. The District Court dismissed the petition for lack of jurisdiction, holding that Brown's "argument goes to the validity of the 292 month sentence, in that he argues that he should have been resentenced to time served, or for some period less than 292 months." Brown appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary over a district court's legal conclusions. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). We may affirm the District Court on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

Because Brown alleged that the BOP "has failed to execute" the Minnesota District Court's July 22, 2008, order, his challenge was properly brought under § 2241. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009); see also United States v. Wilson, 503 U.S. 329, 334-35 (1992) (holding that the authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed is delegated to the Attorney General, who acts through the BOP.). Generally, federal prisoners must exhaust administrative remedies prior to filing a § 2241 petition. See Moscato v. Fed. Bureau of

3

Prisons, 98 F.3d 757, 760 (3d Cir. 1996). It does not appear that Brown pursued such remedies. Even if that failure to exhaust could be excused, however, Brown's petition is without merit because the BOP properly implemented the 292 month sentence that was imposed by the District Court. Both the specific language of the order and the Eighth Circuit's subsequent opinion make clear that the Minnesota District Court "resentenced Brown to 292 months imprisonment." Brown, 565 F.3d at 1094. Under these circumstances, we reject Brown's contention that the Minnesota District Court sentenced him to "time served" by granting a motion in which he asked for such relief.

For the foregoing reasons, we will affirm the judgment of the District Court.