NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0468n.06
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 12, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **KARL WINGO**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     SILER, COLE, and KETHLEDGE, Circuit Judges.

**COLE, Circuit Judge**.  Nearly twenty years ago, a jury found that Karl Wingo had violated

a number of federal statutes in the course of running a criminal enterprise that dealt a large amount

of heroin, powder cocaine, and crack cocaine in and around Detroit.  *See United States v. Wingo*, 76

F. App'x 30, 32 (6th Cir. 2003).  Wingo's case has since proceeded up and down the federal courts,

*see id*. at 32-34, while he serves the balance of his thirty-year sentence of incarceration, though we

need not retread that history to resolve the narrow issue before us.  One critical fact: Wingo waived

his right to have the district court calculate the drug quantities for which he was responsible at three

distinct sentencings.

Wingo now contests the district court's denial of his motion for a sentence reduction under

18 U.S.C. § 3582(c)(2) and pursuant to the United States Sentencing Commission's retroactive

application of the new Guidelines for offenses involving crack cocaine.  *See* U.S. Sentencing

Guidelines Manual ("U.S.S.G." or "Guidelines") § 1B1.10(c) (Amdt. 706). Section 3582(c)(2) grants district courts discretion to reduce a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court, following *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004), denied Wingo's request, finding that he did not fall within the scope of the statute because his sentencing range was "based on" an agreement between the government and Wingo to a specific Guidelines offense level (38) for the total drug quantity *not* the crack cocaine guidelines. *See Peveler*, 359 F.3d at 378-79 (a defendant who enters into an agreement for a definite sentence under Rule 11(c)(1)(C) is ineligible for a sentence reduction because the sentence was based on the agreement, not the Guidelines).

The *Peveler* court's holding, however, was recently abrogated by the Supreme Court's decision in *Freeman v. United States*, — S.Ct. —, No. 09-10245, 2011 WL 2472797, at *1 (Jun. 23, 2011). In light of that decision—which commanded no majority opinion for the judgment—the question whether Wingo's sentence was "based on" the crack cocaine guidelines is considerably more vexing. *Compare Freeman*, 2011 WL 2472797, at *8 ("Even when a defendant enters into an . . . agreement [to a specific sentence], the judge's decision to accept [the agreement] and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief.") (plurality opinion); *with id*. at *12 ("In order to conclude that Freeman is eligible for sentence reduction under § 3582(c)(2), the . . . agreement . . . must use a Guidelines sentencing range that has subsequently been lowered by the Sentencing Commission to establish the term of imprisonment imposed by the District Court.") (Sotomayor, J., concurring). But we need not resolve this issue to dispose of Wingo's appeal, even on de novo review. *See*

*United States v. Payton*, 617 F.3d 911, 913 (6th Cir. 2010) (we review a district court's § 3582(c)(2)

eligibility determinations de novo). Assuming that Wingo's sentence was based on the crack cocaine

Guidelines, Wingo is still ineligible for relief, as the absence of any drug quantity findings means

that the district court cannot follow the strictures of the mandatory Guidelines governing §

3582(c)(2) sentence modifications. *See* U.S.S.G. § 1B1.10; *Dillon v. United States*, 130 S.Ct. 2683,

2691-92 (2010) (finding the Guidelines related to § 3582(c)(2) proceedings mandatory).

Specifically, the district court cannot calculate "the amended guideline range that would have

been applicable to the defendant if the [crack cocaine] amendment[] . . . had been in effect at the

time defendant was sentenced," U.S.S.G. § 1B1.10(b)(1), as doing so in this multi-drug case requires

knowing what quantity of powder cocaine, heroin, and crack cocaine Wingo was responsible for.

*See* U.S.S.G. § 2D1.1, App. n.6 ("where there are multiple transactions or multiple drug types, the

quantities are to be added" according to their marijuana equivalents). A definitive quantity

determination is also required because the Guidelines forbid a district court from granting a sentence

reduction where the "amendment . . . does not have the effect of lowering the defendant's applicable

guidelines range." U.S.S.G. § 1B1.10(a)(2)(B). Absent drug quantity values it is impossible for the

district court to abide by either of these mandatory injunctions—the record simply does not permit

the obligatory math. Thus Wingo is ineligible for relief under § 3582(c)(2) because the district court

cannot follow these procedures.

What if we knew the specific quantities? It is far from clear that Wingo would escape the

agreed-to offense level of 38, the highest drug quantity offense level in the Guidelines. *See* U.S.S.G.

2D1.1(c)(1) (2010). Separately, 30 kg of heroin, 160 kg of powder cocaine, and 4.5 kg of crack

would land Wingo in offense level 38. *See id*. Any combination of those three drugs equivalent to 30,000 kg of marijuana would produce the same number. According to the Presentence Investigation Report, Wingo was responsible for "at least 47,000 kilograms," (1997 PSR at 9-10), marijuana-equivalent of an unspecified combination of cocaine, crack, and heroin, 17,000 kg above the minimum quantity for that offense level. Given this surplus and the fact that the marijuana-equivalent value of heroin and powder cocaine have remained fixed, Wingo's offense level is not certain to drop as a result of the now-lower value of crack cocaine. Of course, we cannot be sure of this because the drug quantities are not in the record.

Indeed, Wingo effectively concedes that drug quantity findings are a predicate to his eligibility for a sentence modification and asks us to remand his case to the district court to settle on the quantities in the first instance. This request is poorly taken. As the Supreme Court recently clarified, sentence modifications under § 3582(c)(2) are not plenary resentencings; they represent a limited exception to the rule that sentences are final when imposed. *See Dillon*, 130 S.Ct. at 2690-91. And nowhere does Wingo cite any authority indicating that this narrow exception permits a new sentencing hearing—nineteen years after conviction—to discover whether a defendant *may* be eligible for discretionary relief. Moreover, Wingo has not challenged the voluntariness of his waiver of drug quantity determinations or the procedural reasonableness of the district court's acceptance of that waiver in lieu of making its own quantity findings. Nor has Wingo argued that the denial of a reduction would work some serious injustice that we are obliged to correct in the name of fundamental fairness. *See Peveler*, 359 F.3d at 378 n.4. We therefore cannot agree with Wingo that a remand is authorized in this case.

Finally, Wingo's suggestion that his agreement to an offense level of 38 was *void ab initio* for failing to comply with the Sentencing Commission's policy statement on plea agreements, *see* U.S.S.G. § 6B1.4, is incorrect.  Wingo never entered into a plea agreement; he went to trial and later waived his right to have the district court determine the drug quantities attributable to him.  The policy statement, then, has no bearing on the validity of his waiver.  Even if it did, Wingo waived any such a challenge by not raising it on direct appeal of his sentence.

For the reasons above, the decision of the district court is **AFFIRMED**.