NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 24, 2012
Decided July 9, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1214

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:04-cr-019-RLY-WGH |
| MICHAEL HARDIMAN, *Defendant-Appellant.* | Richard L. Young, *Chief Judge*. |

**O R D E R**

This case concerns a request for a sentence adjustment based on the Fair Sentencing Act complicated by the fact that the underlying drug weights are not specified in the record.

Michael Hardiman was one of twenty-one defendants indicted in 2004 as members of a drug distribution organization responsible for trafficking multiple types of drugs from Chicago, Illinois to southwest Indiana. He was charged with conspiracy to possess with intent to distribute multiple drugs: cocaine base, powder cocaine, heroin and marijuana.

Imprecise quantities of all four drugs were presented in the indictment, which alleged he possessed more than fifty grams of a substance containing cocaine base and more than five kilograms of a substance containing a detectable amount of cocaine of some sort.

The parties entered into a plea agreement, which also did not list specific weights for each type of drug. Instead, the agreement stipulated that the aggregate amount of drugs, converted to marijuana, was between 10,000 and 30,000 kilograms. At Hardiman's guilty plea hearing, Federal Bureau of Investigation Special Agent William Gray testified that over an approximately five-month time period, "law enforcement officers purchased and seized approximately two kilograms of crack and powder cocaine, several pounds of marijuana, and a smaller amount of heroin." The presentence investigation report (PSR) incorporated Gray's statement but did not specify the weight of each drug.

The district court determined Hardiman's base offense level to be 36, which was adjusted to a total offense level of 35 when taking into account firearm possession and his acceptance of responsibility. In the context of Hardiman's criminal history category of II, the sentencing range for this offense was 188 to 235 months. The district court sentenced Hardiman to 188 months.

Since the time of Hardiman's sentencing, Congress has lowered the penalties for the trafficking of cocaine base to bring them more in line with powder cocaine penalties through several pieces of legislation including the Fair Sentencing Act. Before these amendments, 1 gram of cocaine base equaled 20 kilograms of marijuana, which meant Hardiman's offense level of 36 corresponded with between 500 grams and 1.5 kilograms of cocaine base. Under the amended schedule, an offense level of 36 corresponds with between 1.5 and 4.5 kilograms of cocaine base. With these changes in mind, Hardiman filed a motion in 2008 to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), then filed another in 2011 when the first went unanswered. The government opposed Hardiman's motion and noted that the court "heard testimony about the relevant conduct drug amounts involved . . . . includ[ing the receipt of] approximately 1.5 kilograms of cocaine base from the Goodwin/Hardiman organization" and "approximately 300 grams of cocaine base and powder cocaine from Hardiman." The court denied Hardiman's motion, stating that the amendment did not lower his applicable guideline range because his "base offense level is 36, which is the same as at the time of the original sentencing." Hardiman appeals.

Section 3582(c)(2) allows for the discretionary reduction of a defendant's term of imprisonment if the sentencing range has subsequently been lowered. However, under Sentencing Guideline § 1B1.10(b)(1), such a reduction is only warranted if the district court can determine what the amended guideline range would have been.  Section 3582(c)(2) does not authorize a plenary resentencing proceeding. *Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010).  The district court's denial of a motion for sentence reduction is deferentially reviewed for abuse of discretion.  *United States v. Hall*, 600 F.3d 872, 875 (7th Cir. 2010).

Hardiman's motion is premised on the reduction of cocaine base sentences. The difficulty in this case arises from the paucity of the record: no definitive drug weights for

cocaine base and powder cocaine are ever listed. Hardiman's plea agreement contains the stipulation that the aggregate drug amount was equal to between 10,000 and 30,000 kilograms of marijuana. Special Agent Gray stated that officers "purchased and seized approximately two kilograms of crack and powder cocaine, several pounds of marijuana, and a smaller amount of heroin." Hardiman agrees that the specific amount of cocaine base involved in his case is unknown, but argues that the PSR's mention of two kilograms of cocaine base and powder cocaine provides the information necessary to reduce his sentence. We disagree.

It is not entirely clear if the district court felt that there was sufficient information to confirm a base offense level of 36 or if the district court felt that the dearth of specifics in the record precluded a reduction. However, it is not necessary to determine which approach the lower court took because both interpretations are reasonable.

The government's opposition memo stated that police found more than 1.5 kilograms of cocaine base moving between Hardiman's organization, which would be included as relevant conduct to result in a base offense level of 36. This information is consistent with the earlier testimony of Special Agent Gray, who noted that the conspiracy members were responsible for distributing "large amounts of cocaine base, cocaine and marijuana." Hardiman contends that the amount of cocaine base could not have been the majority of the two kilograms of cocaine-based substance found; otherwise he would have received a base offense level of 38 under the older guidelines. Gray's testimony is noted in the PSR but this inexact measurement does not provide much insight into how Hardiman's offense level was calculated. At oral argument, the government noted that it initially believed the drug weights justified a base offense level of 38, and that the base offense level of 36 was arrived at only through the plea agreement.

Alternatively, the court may have felt that it could not lower Hardiman's base offense level due to a lack of evidence in the record. Most ambiguous is how the presence of marijuana and heroin impacted Hardiman's base offense level. The quantities of both drugs are unknown: "several pounds" and "a smaller amount" are hardly specific terms. Even if we were to suppose that the two kilograms of cocaine base and powder cocaine accounted for the largest amount of the aggregated drug weight after conversion, the law does not allow us to extrapolate the likely weight of each drug based on Hardiman's base offense level.

Even assuming that the record accurately reflects the actual weight of cocaine-related substances attributable to Hardiman, there is still not enough evidence to warrant a sentence reduction. Specifically, the record does not indicate how much of the two kilograms attributable to Hardiman was cocaine base, as opposed to powder cocaine. Given this evidentiary gap, the district court did not abuse its discretion by denying Hardiman's motion for a sentence reduction.

When determining whether a sentence reduction is warranted in light of the Fair Sentencing Act, courts are tasked to recalculate the guideline range as if the amendments to

the guidelines were applicable to the defendant at the time of sentencing. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). It is impossible to make this determination without specific quantities of each drug being attributed to the defendant. *United States v. Wingo*, 429 Fed. Appx. 549, 550-51 (6th Cir. 2011). Indeed, the extent to which the cocaine base amendments of the Fair Sentencing Act apply to Hardiman depends exclusively on the specific quantity of cocaine base. *Id.* It is not enough for Hardiman to argue that his sentence should be lower-the court must be able to mathematically calculate the guideline range to allow a sentence reduction. *See* U.S. Sentencing Guidelines Manual § 2D1.1, cmt. n.10 (explaining the conversion rate used to arrive at a range when multiple substances are involved). Without knowing the specific amount of cocaine base Hardiman was charged with, the district court may have felt that it was simply unable to do the "obligatory math." *Wingo*, 429 Fed. Appx. at 551.

For the foregoing reasons, the judgment of the district court is AFFIRMED.