# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2063

_____

United States of America

*Plaintiff - Appellee*

v.

Herman Paige, Jr., also known as Joe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 4, 2012
Filed: October 16, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Herman Paige appeals the extent of the 18 U.S.C. § 3582(c)(2) sentence reduction that the district court[1] granted him. Prior to this reduction, his sentence

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

included a 240-month prison term on a charge of conspiring to distribute cocaine base (crack), and an 84-month consecutive term on four counts of distributing crack, for a total drug sentence of 324 months (with two additional consecutive 60-month terms for firearm offenses). Based on Amendment 750 to the United States Sentencing Guidelines, the court reduced the distribution sentences to 22 months, for a total drug sentence of 262 months (with the firearm sentences unchanged). We find no abuse of discretion in the reduction, see United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010) (standard of review), as the resulting sentence is at the bottom of the amended Guidelines range, see U.S.S.G. § 1B1.10, comment. (n.3) (if prison term was within Guidelines range applicable at time of sentencing, court may reduce prison term to term no less than minimum term provided by amended Guidelines range). We reject Paige's argument that, in considering the reduction, the court should have treated the Guidelines as advisory. See Dillon v. United States, 130 S. Ct. 2683, 2692 (2010). We also reject Paige's ineffective-assistance claim, as there is no right to counsel in a section 3582(c)(2) proceeding, see United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009) (per curiam); and we note that the district court was not required to hold a hearing, see United States v. Starks, 551 F.3d 839, 842-43 (8th Cir. 2009).

The judgment is affirmed. Counsel's motion to withdraw is granted, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____