COLLOTON, Circuit Judge.
Ronnie Joe Benson was convicted in 1997 of conspiracy to distribute cocaine and cocaine base, commonly known as “crack cocaine,” and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Benson’s offense conduct included distribution of cocaine, cocaine base, and marijuana. When a defendant traffics in multiple controlled substances, the sentencing guidelines provide for a conversion of each drug to “marijuana equivalency” based on ratios set forth in the guidelines. USSG § 2D1.1, comment, (n. 8(D)). According to the pre-sentence investigation report, which relied on testimony presented during trial to calculate drug quantities, Benson was accountable for 15,325.48 kilograms of marijuana equivalent.
At Benson’s sentencing hearing in October 1997, the district court[1] asked whether *707 Benson’s counsel had any objections to the total marijuana equivalent in the presen-tence report. Benson’s counsel replied that he had calculated “an amount of 14,-000 kilograms of [marijuana] equivalent,” which also fell within the relevant guideline range of 10,000 to 30,000 kilograms. The district court adopted the drug quantity calculations in Benson’s presentence report and found that Benson was accountable for 15,325.48 kilograms of marijuana equivalent. This quantity established a base offense level of 36 under the guidelines. A two-level adjustment for obstruction of justice increased Benson’s total offense level to 38, and his criminal history category was V. The district court calculated a guideline range of 360 months’ to life imprisonment, and sentenced Benson to concurrent sentences of 360 months’ imprisonment on the conspiracy charge and 51 months’ imprisonment on the distribution charge. This court affirmed Benson’s conviction and sentence. United States v. Sanders, 168 F.3d 496 (8th Cir.1998) (unpublished).
In 2008, the district court reduced Benson’s sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10. Amendment 706 to the guidelines changed the base offense levels for cocaine base, and thus changed the amount of marijuana equivalent for which a trafficker of cocaine base was accountable. The district court determined that under the amendment, the total quantity of cocaine, cocaine base, and marijuana for which Benson was accountable “would have fallen below 10,000 kilograms of marijuana equivalent,” and that his base offense level should be reduced to 34. See USSG § 2D1.1(c)(S). The district court calculated an amended guideline range of 292 to 365 months’ imprisonment and resentenced Benson to 292 months’ imprisonment. This court affirmed the district court’s order. United States v. Benson, 329 Fed.Appx. 37, 38 (8th Cir.2009).
In November 2011, Benson moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10(a), based on Amendments 750 and 759 to the sentencing guidelines. The district court denied the motion on November 16, 2011, concluding that Benson “presented no evidence to support a finding that he is responsible for” a quantity of marijuana equivalent that would reduce his guideline range under the amendments. Benson moved for reconsideration, asserting that the district court should have made a finding “regarding where and how far below 10.000 kilograms [his] marijuana equivalent fell.” The district court denied Benson’s motion for reconsideration for the reasons stated in its previous order. Benson’s motion for reconsideration preserved his objection to the district court’s ruling. Cf. United States v. Burrell, 622 F.3d 961, 965-66 (8th Cir.2010).
Benson now appeals the district court’s refusal to reduce his sentence based on Amendments 750 and 759. Whether Benson is entitled to a reduction based on those amendments depends on whether the most recent change in the base offense levels for trafficking in cocaine base reduced the total amount of marijuana equivalent for which Benson was accountable at sentencing to below 3.000 kilograms. An amount below 3,000 kilograms would reduce Benson’s base offense level to 32. See USSG § 201.1(c)(4). In the district court, however, Benson presented no evidence, and directed the court to no evidence in the record, that showed he was accountable for fewer than 3,000 kilograms of marijuana equivalent. Benson now concedes that the record before the district court did not reflect what proportion of the drug quantity for which he was accountable in 1997 consisted of co- *708 eaine base, cocaine, and marijuana, respectively. Even on appeal, Benson still has not proffered a theory under which the evidence of record could support a finding of fewer than 3,000 kilograms of marijuana equivalent.
“The guidelines contemplate that the government has the burden of proving the applicability of sections which would enhance the offense level and the defendant has the burden of proving the applicability of guideline sections which would reduce the offense level.” United States v. Binges, 917 F.2d 1133, 1135 (8th Cir.1990) (internal quotation omitted). Benson was the movant seeking to reduce the offense level pursuant to USSG § 1B1.10. If there is a failure of proof, then his motion fails. United States v. Hardiman, 469 Fed. Appx. 476, 477-78 (7th Cir.2012) (concluding that it is not an abuse of discretion to deny a § 3582(c) motion if “the dearth of specifics in the record preclude[s] a reduction”); United States v. Wingo, 429 Fed. Appx. 549, 551 (6th Cir.2011) (holding that movant was ineligible for relief under § 3582(c) because the record did not include specific drug quantities that showed eligibility, and movant cited no authority that § 3582(c), “permits a new sentencing hearing — nineteen years after conviction— to discover whether a defendant may be eligible for discretionary relief’); cf. United States v. Adkins, 466 Fed.Appx. 302, 303-04 (4th Cir.2012) (remanding for additional findings on quantity where district court determined that quantity of crack cocaine recommended in the presentence report should be reduced by about seven grams from 31.59 grams, but ultimately stated only that the quantity was between 20 and 35 grams, so that the precise amount was ambiguous).
The Ninth Circuit did state summarily in United States v. Sprague, 135 F.3d 1301 (9th Cir.1998), that once a defendant shows that a retroactive guideline amendment “is applicable,” the burden of proof “shifts to the government to establish the base offense level, that is, the weight of the controlled substance.” Id. at 1307. No other circuit has adopted this view, however, and the Supreme Court recently made clear that § 3582(c)(2) does not authorize a “plenary resentencing proceeding,” but permits “only a limited adjustment to an otherwise final sentence.” Dillon v. United States, — U.S. —-, 130 S.Ct. 2683, 2690-91, 177 L.Ed.2d 271 (2010). Benson was free to present information from the probation office about drug quantity values, or to argue his case for a reduction based on the trial transcript and other records of the original sentencing. But it is not the government’s burden — some sixteen years after the case was closed — to prove a substance-by-substance breakdown of the total drug quantity found by the court in 1997 or to demonstrate the inapplicability of § lB1.10(a). If it were possible to reconstruct the drug-quantity calculation based on the trial testimony of witnesses who purchased drugs, then Benson should have performed the calculation in support of his motion, or at least in support of his appeal, but he failed to do so.
Benson contends that the district court abused its discretion by failing to calculate a new marijuana equivalent under the amended guidelines. To be sure, USSG § 1B1.10(b)(l) directs the district court to “determine the amended guideline range that would have been applicable to the defendant” under the new amendment, see Billon, 130 S.Ct. at 2691, but this injunction applies only after the court finds that the guideline range applicable to the defendant has subsequently been lowered as a result of the amendment. USSG § 1B1.10(a)(1), (a)(2)(B). Section 1B1.10(b)(1) does not relieve the movant of *709 the burden to prove his case, or impose on a district judge an obligation akin to that of an administrative law judge to develop the record in a non-adversarial proceeding. Cf. Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000). The guidelines also direct a district court to “[djetermine the base offense level,” to “apply any appropriate specific offense characteristics,” and to “[djetermine the defendant’s criminal history category,” USSG § 1Bl.1(a)(2), (6) (emphases added), but these provisions do not require the court to develop evidence in support of findings on aggravating factors if the government fails to produce it. The district court here correctly found that Benson failed to show that the guideline range applicable to him had subsequently been lowered as a result of Amendments 750 and 759. The district court thus properly denied Benson’s motion based on a failure of proof, because Benson “presented no evidence to support a finding that he is responsible for less than 3,000 kilograms of marijuana equivalent.”
The order of the district court is affirmed.

. The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.